## JETTER & SCHEERER PRODUCTS, Inc., et al. v. GIBBS & CO., Inc.

District Court, S. D. New York.

Oct. 24, 1938.

Lesser Brothers, of New York City (John F. Ryan, of New York City, of counsel), for plaintiffs.

Morris Kirschstein, of New York City, for defendant.

PATTERSON, District Judge.

The suit is for infringement of patent to Veit, 1,962,264, applied for May 21, 1930 and issued June 12, 1934. The patent covers hair cutting and thinning shears. The plaintiffs rely on claims 3 to 7 of the patent.

The practice of thinning the hair became fairly common twenty years or more ago when the bobbed hair style began to win favor. If the hair was thick it had tendency when bobbed to stand out from the head. In many cases the hairdresser would thin the hair, that is to say, would cut parts of it shorter than other parts, so that the hair would hang closer to the head. With the permanent wave there was a further call for thinning the hair. In the late 1920s small hats became popular, and the demand for thinned hair was increased. Prior to the Veit device there were three methods of thinning the hair. One was to take a tress of hair in the hand, comb part of it back toward the scalp and cut off the remaining part with ordinary barber's shears. A second method was to take a tress in the hand and cut some of the hairs with a razor by a gliding stroke toward the ends of the hair. A third was to hold a lock of hair in the hand and make short cuts at the side with barber's shears, starting near the ends and working toward the scalp.

Veit's device is a pair of shears like ordinary barber's shears in size and general shape, but with recesses at regular intervals in the cutting edges of the blades, the recesses being deep enough that when the blades are brought together in the cutting operation the hair in the recesses will not be cut. The cutting edges or teeth of one blade are opposed to those of the other blade, and the recesses are likewise opposed. The hair that is cut is the hair between the teeth of the blades, the teeth on one blade having small notches in the cutting edge to prevent slipping of the hair along the blade. The result is an interrupted shearing operation. An alternate form of the Veit shears confines the teeth and recesses to one blade of the shears, the other blade having a straight cutting edge as in ordinary shears. Here too the recesses are deep enough that when the blades are brought together there will be spaces between the bottoms of the recesses and the edge of the straight blade and the hair in such spaces will not be cut.

The Veit shears met with immediate commercial success. They are now in the kit of most hairdressers. By the use of these shears the hair is thinned with much more speed and with better results than by the earlier methods. It takes much less skill and experience to do a good job with the Veit shears.

Veit first obtained a patent in Germany. His patent there was held valid by the German courts. His application for patent here became involved in an interference proceeding in the Patent Office. He was awarded priority over Wing, the examiner finding that Wing had merely copied the Veit shears. There were several other applicants, but they defaulted. The patent as issued contains a number of claims, of which claim 6 may be taken as the broadest: "A pair of shears having each blade formed with deep notches in its cutting edge spaced apart to form cutting teeth, the free edges of which are sharpened, the

teeth of the two blades cooperating with each other to produce interrupted shearing action whereby the hairs which come between the teeth are severed while those hairs in the notches are not severed."

The defendant sells thinning shears which are practically identical to those of Veit. The infringement is too plain to be disputed, and the only question is whether the Veit patent is a valid one.

As to validity of the patent we have the old question whether the patentee made an advance beyond what might be expected of a person of ordinary mechanical skill with knowledge of the art. The prior art in hair cutting shows nothing comparable to the Veit shears. No one before Veit seems to have made a device of any kind for the thinning or interrupted cutting of the hair. There was nothing but ordinary shears and razors. If we go to the broader field of scissors, we find nothing that points in any direct way to scissors for the interrupted cutting of hair. The buttonhole scissors, the corncutting scissors, the scissors with teeth at the end of the blades for making a line of perforations beyond the ordinary cut, none of these was capable of thinning hair. The Veit shears are altogether different from them in structure and in the result achieved. It is only when we survey the entire field of shearing devices of all kinds that we find anything resembling in operation the Veit device. The meat tenderizer of Foster, 949,762, the Crampton machine for cutting sweatbands for hats, 874,571, and possibly others do show devices designed, in part at least, for making a succession of interrupted cuttings into meat, leather or other substances, and this is done by putting recesses in a blade at regular intervals so that the blade has a succession of cutting teeth and non-cutting recesses or depressions. But the relation between those machines and shears for thinning hair is distant, and the results produced by those machines, gashes in meat and aligned holes in leather, are altogether different from the thinning of hair. None of them, without virtual reconstruction, could be used for cutting hair. The Veit shears for thinning hair represents a patentable invention. The "long felt want" was present for some years before Veit produced his device. If the problem was as easy as the defendant would have us believe, some one would have turned up with the answer long before Veit did. The conclusion in favor of patentability is fortified by the immediate commercial success met with by Veit.

The plaintiffs will have a decree holding valid and infringed claims 3 to 7, inclusive, of the Veit patent. Findings of fact and conclusions of law will be submitted.